## PIMPINELLA vs. LANUSSE'S SYNDICS.

When damages are claimed from syndics for malfeasance, suit ought to be brought against them in their individual capacity.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. This case, after having been at rest from the third of July, 1823, to the sixth of January, 1826, was on the latter day disturbed by a motion of Mr. Seghers, counsellor for Pimpinella, alleging him to be a creditor of the estate of the insolvent, who obtained an

order from the court below, against the syndics,

to file a tableau of distribution. Since the matter has been thus revived, proceedings have cumulated in the case, so as to swell the record to a very considerable size; other parties intervened calling on the syndics for payment of their claims. The first syndics were permitted to resign their office, and new ones were appointed to their place; who, so soon as they were installed, began to complain of every thing which had been done by their predecessors.

The claims of all were settled by a judgment of the district court, in favor of the first syndics, from which their opponents appealed.

The cause has been argued much at length before this court, and many points made on all sides, which, we deem it useless to examine; being of opinion that the greater part if not all of them have been settled ever since the 24th of May, 1823, by a judgment of the court below which confirmed a tableau, amended on that day, which had been filed on the 29th of the month preceding. This judgment has not been appealed from, and is now *res judicata* as to all matters contested.

It is true, that the syndics who formerly had

Eastern Dist.
June, 1827.

PIMPINELLA
vs.
LANUSE'S
SYNDICS.

the management of the insolvents estate received and paid out funds belonging to it, since that period: but nothing was ever done by them except under orders, or by permission of a competent tribunal; and in relation to these matters, they are legally discharged from all responsibility in their capacity as syndics.

It is contended however, on the part of the leading opponent in the case as it now stands before this court, that money having been received by agents of the late syndics, they must account for it to the creditors of the estate. So far as it appears that any sums have come into their hands, they have accounted for them satisfactorily. If their conduct has been such in the appointment of agents, as may fix on them gross negligence, or palpable mismanagement of the affairs of the estate entrusted to their care, to the injury of the creditors, it is believed, they ought to be pursued in their individual capacity, as for damages, and not in the present mode.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Seghers & Grymes* for the plaintiffs, *Derbigny & Moreau* for the defendants.